# EXHIBIT A-2



47/205   CAUSE NO. 13CV32,488

FILED
LORI OLIVER
DISTRICT CLERK

2013 AUG 15 P 12: 35

DISTRICT COURT
SHELBY COUNTY, TEXAS

BY _____ DEPUTY

| | | |
|---|---|---|
| **JOE TAYLOR,** | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | **SHELBY COUNTY, TEXAS** |
| **TYSON FOODS, INC., and** | § | |
| **TYSON FARMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | 123rd/273rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Joe Taylor (hereinafter referred to as "Mr. Taylor" and/or "Plaintiff"), by and through his attorneys of record, hereby complains of Tyson Foods, Inc. and Tyson Farms, Inc. (hereinafter collectively referred to as "Tyson" and/or "Defendants"), and for cause of action, would respectfully show this Honorable Court the following:

### 1. INTRODUCTION

1.1    This suit is brought pursuant to Rule 190.3 of the Texas Rules of Civil Procedure and is to be administered under Discovery Control Plan Level 2

1.2    Plaintiff demands a JURY TRIAL in this case under state common law and pursuant to Rule 216 of the Texas Rules of Civil Procedure as to any and all issues triable to a jury.

1.3    This action seeks legal and equitable relief; actual, compensatory, and exemplary damages; back pay; front pay; attorneys' fees; expert witness fees; taxable court costs; pre-judgment and post-judgment interest; and all other relief granted by the Court.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. ___1___ of 26

**ORIGINAL**

## 2. PARTIES & PERSONAL JURISDICTION

2.1    Joe Taylor is a resident of Shelby County, Texas.

2.2    Defendant Tyson Foods, Inc. is a corporation incorporated in the State of Delaware and

doing business in Center, Shelby County, Texas.  Defendant is an employer engaging in

an industry affecting interstate commerce, and employs more than 15 regular employees.

Defendant may be served with process through its registered agent: CT Corporation

System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

2.3    Defendant Tyson Farms, Inc. is a corporation incorporated in the State of North Carolina

and doing business in Center, Shelby County, Texas.  Defendant Tyson Farms, Inc. is a

wholly owned subsidiary of Defendant Tyson Foods, Inc. Defendant is an employer

engaging in an industry affecting interstate commerce, and employs more than 15 regular

employees.  Defendant may be served with process through its registered agent: CT

Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

2.4    Defendants are Joint Employers of the Plaintiff.  That is both Defendants have an

interrelation of operations, centralized control of labor relations, common management,

and common ownership or financial control.

2.5    Defendants at all times relevant to this action have had sufficient minimum contacts with

the State of Texas to confer personal jurisdiction upon them by this Court.  Defendants

conduct business from multiple locations throughout Texas, including Center, where it

employed the Plaintiff.  Defendants recruited, hired, contracted with and employed Texas

residents, like the Plaintiff, to conduct business in this state.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg  2  of  26

## 3.  VENUE

3.1   Venue of this proceeding is proper in Shelby County, Texas, pursuant to Texas Civil

Practice & Remedies Code § 15.002(a)(1) because Shelby County is the county in which

all or a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred.

## 4.  SUBJECT MATTER JURISDICITION

4.1   The jurisdiction of this Court is invoked pursuant to the Texas Commission on Human

Rights Act ("TCHRA"), as codified in the Texas Labor Code § 21.001, *et seq*.   The

jurisdiction of this Court is invoked to secure the protection of and redress the deprivation

of rights secured by Chapter 21 of the Texas Labor Code, protecting people from

employment discrimination.

4.2   Plaintiff is not bringing any federal claims in this lawsuit.   The unlawful employment

practices were committed within the jurisdiction of this Court.   The amount in

controversy is within the jurisdictional limits of this Court.

## 5.  PROCEDURAL REQUISITES

5.1   All conditions precedent to the filing of this action have been met by Plaintiff in that he

has filed a timely complaint with the Civil Rights Division of the Texas Workforce

Commission, and he has received a "Notice of Right to File a Civil Action" letter from

said agency.

5.2   The filing of this lawsuit has been accomplished within sixty (60) days of Plaintiff's

receipt of the "Notice of Right to File a Civil Action" letter from the Civil Rights

Division of the Texas Workforce Commission.



Lon Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 3 of 26

3

## 6. FACTS

6.1    Mr. Taylor began working for Tyson at the Center, Texas facility on January 13, 1971, as

Parts Manager in the Service Department.  In 1976, Mr. Taylor was transferred to the

Processing Plant where he worked as a Production Supervisor for approximately a year.

In 1977, Tyson promoted Mr. Taylor to Live Haul Manager, where he worked until 2012.

Under Mr. Taylor's oversight, his department continually ranked amongst the top at

Tyson. Furthermore, Mr. Taylor received numerous awards and recognitions from Tyson.

Mr. Taylor excelled at Tyson and enjoyed working for the company.  Unfortunately,

during his final years at Tyson, things turned for the worse as described below.

6.2    During the summer of 2010, Mr. Taylor injured his knee on the job. Due to the nature of

his injury, Mr. Taylor requested and received workers compensation. Mr. Taylor was

eventually released to full time duties with no restrictions.  In 2011, he began to suffer

from complications related to his knee injury; however, Mr. Taylor continued to work

and performed his duties as he had over the previous three decades. Shortly thereafter,

on October 2011, Mr. Morris Hill (Live Production Manager) issued Mr. Taylor a formal

job description.  It was at this time that Mr. Hill first asked Mr. Taylor how much longer

he planned to work at Tyson.  Notably, this was the first formal job description Mr.

Taylor had ever received from Tyson since he began employment 39 years earlier.

Afterwards, on October 18, 2011, Mr. Hill called a meeting with Jerry Powell (Human

Resources Manager) and Mr. Taylor to discuss his new written job description.  During

the meeting, Mr. Taylor expressed his feelings of being discriminated against because of

his age.  No investigation or actions were taken by Tyson regarding Mr. Taylor's

allegations.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___4___ of __26__

4

6.3     On November 22, 2011, Mr. Taylor once again took medical leave to have knee surgery.

While on medical leave, Coady Curbow was assigned to take over Mr. Taylor's position.

Mr. Curbow was significantly younger than Mr. Taylor.  On February 6, 2012, Mr.

Taylor returned to work with full a release from his physician.  Four days later, Mr. Hill

began to keep a record titled "Joe Taylor events."  Mr. Hill was on a mission to push Mr.

Taylor out of Tyson and make room for the younger Mr. Curbow.  On April 6, 2012, Mr.

Hill issued to Mr. Taylor a "counseling statement," which stated that he "was not running

[his] business correctly and professionally."  This came as a surprise to Mr. Taylor, given

the decades of loyal and problem free service he had given to Tyson.  Regardless, Mr.

Hill threatened to terminate Mr. Taylor should problems continue.  The following week

another "counseling statement" was issued to Mr. Taylor.  Mr. Taylor was perplexed by

these write-ups as he had never been reprimanded before in nearly forty years.

6.4     Eventually, in approximately April or May of 2012, Mr. Ty Price (Complex Manager at

Tyson's Center, Texas branch) walked into Mr. Taylor's office and said "Joe, I am just

trying to help you out."  He then offered Mr. Taylor 13 weeks paid leave.  Following Mr.

Price's visit, it became clear to Mr. Taylor that Tyson thought he was too old for the job

and wanted him to retire.  However, Mr. Taylor was willing and able to work at Tyson,

and as such informed the personnel office that he would not retire.  Consequently, on

April 21, 2012, Mr. Hill gave Mr. Taylor additional work duties, which were more

physical labor intensive in nature.

6.5     The harassment continued to escalate through the summer.  On July 4, 2012, a reprimand

was issued to Mr. Taylor, without basis, stating that he would be suspended for five days

without pay.  Further, Mr. Taylor was once again threatened with termination by Mr.

Hill.  Desperate for help, Mr. Taylor called Mr. Powell and told him that Mr. Hill was

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg     5     of   26

5

continuing to harass him and that "we both know what he was doing to me." Mr. Powell then responded, "you know what you need to do...call that number (in reference to Tyson's retirement benefits hotline)."

6.6  After Mr. Taylor returned from his suspension, Mr. Powell mentioned to him that he had spoken to Mr. Greg Nelson (Human Resources Manager in Springdale, Arkansas). Mr. Powell admitted to Mr. Taylor that in his conversation with Mr. Nelson, he was cautioned to be careful regarding Mr. Taylor's situation, because Tyson could be exposed to an age discrimination law suit if not handled properly. However, despite Tyson's knowledge of the discrimination and retaliation, Mr. Hill was allowed to place Mr. Taylor on a developmental plan and scoring system, which included additional items to his duties list (now modified for the third time).

6.7  Finally, on July 31, 2012, Mr. Taylor was given another "counseling statement," which this time he refused to sign. Thereafter, on August 13, 2012, Mr. Taylor was again suspended without pay for five days due to a scoring related issue from the aforementioned scoring system. Mr. Taylor, once again, called Mr. Powell and told him that Mr. Hill was harassing him and that he had serious concerns regarding the accuracy of the scoring system. In response, Mr. Powell gave him Mr. Nelson's cell phone number. When Mr. Taylor called Mr. Nelson, he explained to him that he was being discriminated against by Mr. Hill and was the victim of continual harassment. On August 16, 2012, Mr. Nelson arrived at Tyson's to meet with Mr. Taylor. Mr. Nelson then informed Mr. Taylor that he had called ahead of time to inquire about retirement insurance. He then indicated that Mr. Taylor needed to contact Amber Dodd regarding Retiree insurance. However, Mr. Taylor did not want to retire.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ____ 6 ___ of ___ 26

6.8 On August 20, 2012, after over forty years of service, Mr. Taylor was terminated over the phone by Mr. Powell and Ms. Dodd.

6.9 In light of the above, Mr. Taylor has been discriminated and retaliated against based on his age and damaged in violation of Chapter 21 of the Texas Labor Code.

## 7. CAUSE OF ACTION: CHAPTER 21 OF THE TEXAS LABOR CODE

7.1 Plaintiff was within the TCHRA's protected class, i.e., he was over the age of 40 at the time of his termination.

7.2 Defendants discriminated against Plaintiff because of his age.

7.3 Defendants discharged Plaintiff because of his age.

7.4 There was no legitimate nondiscriminatory reason for Defendants' decision to discharge Plaintiff.

7.5 Defendants' stated reason for discharging Plaintiff was false.

7.6 Other direct and/or circumstantial evidence exists showing that Defendants intended to discriminate on the basis of age in reaching its decision to ultimately discharge Plaintiff.

7.7 Age was the causal factor in Defendants' decision to discharge Plaintiff.

7.8 By discharging Plaintiff, Defendants violated § 21.051 of the Texas Labor Code, which provides that an employer commits an unlawful employment practice if because of age the employer discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

7.9 As a result of Defendants' actions, Plaintiff has suffered lost wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of 26

7.10   Additionally, the aforementioned action was done willfully or with reckless disregard for the protected rights of Plaintiff.   An award of liquidated damages is, therefore, appropriate.

7.11   Plaintiff, an individual who was over the age of 40 years at the time of his termination, and a member of a protected class, suffered an adverse employment action, which action was based on Plaintiff's age, when Defendants terminated his employment. Nonprotected class employees (employees less than 40 years of age) of Defendants were not treated in the same manner.

## 8.   NO FEDERAL CLAIMS

8.1.   Plaintiff does not assert any federal claims in this proceeding.   Additionally,  Plaintiff is in no way seeking damages or remedies herein that may stem from a federal cause of action.

## 9.   EXEMPLARY DAMAGES

9.1   Defendants' actions were harsh, oppressive, and malicious.   The wrong done by Defendants was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Defendants acted with an evil intent to harm Plaintiff.  The conduct was intentional and without justification or excuse.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## 10.   ATTORNEYS' FEES

10.1.   Defendants' actions and conduct as described herein, and the resulting damage and loss to Plaintiff, has necessitated Plaintiff to retain the services of the law firm SHELLIST, LAZARZ SLOBIN LLP located at 11 Greenway Plaza, Suite 1515, Houston, Texas

Shelby County, Texas
A CERTIFIED COPY
pg ____ of 26

77046, to initiate this proceeding and litigate the process through trial.  Plaintiff seeks recovery of reasonable and necessary attorneys' fees, costs, and expenses, pursuant to the Texas Commission on Human Rights Act.

## 11.  JURY DEMAND

11.1.     Plaintiff requests a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure, and deposits, contemporaneously with the filing of this Original Petition, with the District Clerk of Harris County, Texas, the jury fee.

## 12.  PRAYER

12.1     WHEREFORE, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

12.1.1     Judgment against Defendants for actual and liquidated damages for the period of time provided by law, sustained by Plaintiff, as alleged herein;

12.1.2     General damages for the damage to Plaintiff caused by Defendants' violations of Chapter 21 of the Texas Labor Code;

12.1.3     Pre-judgment interest at the highest legal rate;

12.1.4     Post-judgment interest at the highest legal rate until paid;

12.1.5     Back pay, including reimbursement for lost pension, insurance, and all other benefits;

12.1.6     Front pay, including reimbursement for lost pension, insurance, and all other benefits;

12.1.7     Compensatory damages;

12.1.8     Exemplary damages;

12.1.9     Attorneys' fees;

12.1.10     All costs of court expended herein;

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg  9  of  26

12.1.11   Such other and further relief, at law or in equity, general or special, to

which Plaintiff may show he is justly entitled, in law or in equity.


Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP


By: /s/ Todd Slobin
    TODD SLOBIN
    State Bar No. 24002953
    RICARDO J. PRIETO
    State Bar No. 24062947
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ 10 of 26

Cause No. _____

| | | |
|---|---|---|
| **JOE TAYLOR,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **SHELBY COUNTY, TEXAS** |
| | § | |
| **TYSON FOODS, INC., and** | § | |
| **TYSON FARMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO
## DEFENDANT TYSON FOODS, INC. PURSUANT TO RULE 194 – TRCP

**TO:**   Defendant, Tyson Foods, Inc., c/o its registered agent: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

Plaintiff, pursuant to the Texas Rules of Civil Procedure, as shown above and noted, hereby serves this discovery pleading on Defendant.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: _/s/ Todd Slobin_ _____
    TODD SLOBIN
    State Bar No. 24002953
    RICARDO J. PRIETO
    State Bar No. 24062947
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. 11 of 26

## REQUEST FOR DISCLOSURES

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the following information or material.

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone numbers of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or defenses

(d)     the amount and any method of calculating economic damages

(e)     the name, address, and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

　　(1)     the expert's name, address, and telephone number;

　　(2)     the subject matter on which the expert will testify;

　　(3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

　　(4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

　　　　(i)     all documents, tangible things, reports, models or data compilations that have been provided to,  or prepared by or for the expert in anticipation of the expert's testimony; and

2


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ____ 13 of 26

          (ii)     the expert's current resume and bibliography;

(g)     any discoverable indemnity and insuring agreements;

(h)     any discoverable settlement agreements;

(i)     any discoverable witness statements;

(j)     all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

3

Lois Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ 13 of 26

Cause No. _____

| | | |
|---|---|---|
| JOE TAYLOR, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | SHELBY COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC., and | § | |
| TYSON FARMS, INC., | § | |
| | § | |
| **Defendants.** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO
## DEFENDANT TYSON FARMS, INC. PURSUANT TO RULE 194 – TRCP

**TO:** Defendant, Tyson Farms, Inc., c/o its registered agent: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

Plaintiff, pursuant to the Texas Rules of Civil Procedure, as shown above and noted, hereby serves this discovery pleading on Defendant.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: _/s/ Todd Slobin_
TODD SLOBIN
State Bar No. 24002953
RICARDO J. PRIETO
State Bar No. 24062947
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF



## REQUEST FOR DISCLOSURES

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the following information or material.

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone numbers of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or defenses

(d)     the amount and any method of calculating economic damages

(e)     the name, address, and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

(1)     the expert's name, address, and telephone number;

(2)     the subject matter on which the expert will testify;

(3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4)     if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

(i)     all documents, tangible things, reports, models or data compilations that have been provided to,  or prepared by or for the expert in anticipation of the expert's testimony; and


2   Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___15___ of _26_

(ii)     the expert's current resume and bibliography;

(g)    any discoverable indemnity and insuring agreements;

(h)    any discoverable settlement agreements;

(i)    any discoverable witness statements;

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

3

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

Cause No. _____

| | | |
|---|---|---|
| **JOE TAYLOR,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **SHELBY COUNTY, TEXAS** |
| | § | |
| **TYSON FOODS, INC., and** | § | |
| **TYSON FARMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT TYSON FOODS, INC.

**TO:**   Defendant, Tyson Foods, Inc., c/o its registered agent: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, **TYSON FOODS, INC.** (hereinafter "Company") is requested to produce and permit Plaintiff **JOE TAYLOR** ("Plaintiff"), or someone acting on his behalf, to inspect, photograph, and/or copy the documents, recordings, and other data compilations fifty (50) days from your receipt hereof, in the offices of Shellist, Lazarz, Slobin LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046.

The term "documents" as defined in Rule 192.3(b) of the Texas Rules of Civil Procedure includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recording, and any other data compilation from which information can be obtained and translated, if necessary, by the person from whom production is sought into reasonably usable form. The existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg __17__ of __26__

the judgment is a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment is included within the term documents.

You are required by Rule 196.3(c) of the Texas Rules of Civil Procedure to produce documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests.

You are further advised of your duty to reasonably supplement your response to this Request for Production of Documents where the response, though correct when made, is no longer true, or when you acquire additional relevant information. Plaintiff requests that the Defendant produce and/or permit the Plaintiff to inspect and copy the following documents, records, materials, and information pertaining to this lawsuit.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: /s/ Todd Slobin
    TODD SLOBIN
    State Bar No. 24002953
    RICARDO J. PRIETO
    State Bar No. 24062947
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY

## REQUESTS FOR PRODUCTION

1.     All documents submitted by the Company to the Equal Employment Opportunity Commission and/or the Texas Workforce Commission – Civil Rights Division in connection with Plaintiff's Charge of Discrimination.

2.     All documents contained in the personnel file of Plaintiff, including all job performance evaluations, all job descriptions, all salary and wage information, and all records of disciplinary actions, if any, taken by the Company against Plaintiff.

3.     All documents from Plaintiff's entire employment history with the Company that represent his salary and wage information, including pay stubs and Forms W-2.

4.     All documents that reflect or represent Plaintiff's complaints to the Company.

5.     All documents that reflect or represent the benefits provided to Plaintiff, including documents that represent the costs of the benefits to the Company.

6.     All documents that reflect or represent Plaintiff's annual statement regarding salary and benefits since his date of hire.

7.     All documents that reflect or represent the retirement plans, if any, that Plaintiff was a member of as part of employment with the Company, including documents that reflect the Company's matching contributions to such plans.

8.     All documents that reflect or represent the amount, if any, that the Company has matched or contributed to Plaintiff's retirement plan(s).

9.     All documents that reflect or represent a schedule outlining Plaintiff's earnings and/or compensation since his date of hire, including raises and bonuses.

10.    All documents in possession of the Company which in any way relate to Plaintiff which are not located in his personnel file.

11.    Please provide copies of all employee evaluations of Plaintiff.

12.    All performance or incentive awards, commendations, or any other honor(s) bestowed on Plaintiff while he was employed by the Company.

13.    Any and all photographs in the Company's possession, the possession of the Company's attorneys, or any other person acting on the Company's behalf pertaining to Plaintiff's complaints, or any other fact or matter that is the subject, or related to the subject, of the instant lawsuit.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. 19 of 26

3

14.   Any models, visual aids, experiments, documents, or other writings, or any items of demonstrative evidence prepared or preserved by the Company, the Company's attorneys, or any other person acting on their behalf that will or may be used in the trial of the instant lawsuit.

15.   A copy of any and all written notes, reports, or investigations made by the Company, or made on the Company's behalf, pertaining to the facts forming the basis of this lawsuit.

16.   Any and all documents in the Company's possession that evidence any statement(s) regarding the incidents forming the basis of this lawsuit.

17.   All maps, diagrams, blue prints, and sketches identifying the areas where the incidents forming the basis of this lawsuit occurred.

18.   All documents, reports, and other written materials pertaining to any investigation relating to Plaintiff's complaints.

19.   A true and correct copy of any and all videotapes or movies in the Company's possession or within the Company's control regarding this lawsuit.

20.   All statements taken in relation to Plaintiff's lawsuit in the Company's possession.

21.   Please produce any and all correspondence, communications, letters, notes, or oral communications, and all other documents or writings sent to or received from, or exchanged by and between the Company and any former employee, former representative, or agent of the Company concerning this lawsuit.

22.   All personnel manuals, brochures, and/or written supervisory guidelines relating to employment that were applicable to the Company at the time of Plaintiff's employment, including any manuals with respect to the Company's discrimination and harassment policies.

23.   Copies of all electronic mail or inter-office memoranda that reflect, relate, or refer to Plaintiff at any time during, before, or after his employment with the Company.

24.   A true and correct copy of the job description for Plaintiff's position(s) throughout his employment with the Company.

25.   All documents that reflect complaints by the Company, if any, of Plaintiff's job performance.


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 20 of 26

4

26.   All documents, including, but not limited to, notes, correspondence, telephone call slips, and memoranda, reflecting comments, conversations and/or actions as described in Plaintiff's Petition, and any amendments thereafter.

27.   Produce all documents concerning the Company's Equal Employment Opportunity policies, if any.

28.   All documents relating to the Company's current net worth.

29.   All documents and tangible things prepared by the Company's expert witness(es), obtained by the expert(s), reviewed by the expert(s), and/or forming the basis, in whole or in part, of his or her opinions regarding the subject matter of this lawsuit, including, but not limited to, all tangible reports, correspondence, memos, notes, audio/video recordings, computer programs and/or data, photographs, diagrams, physical models and objects, electronic data and compilations, treatises, studies, standards, tables, and governmental guidelines and/or regulations.

30.   All documents identified in the Company's answers to Plaintiff's Interrogatories, and any subsequent sets of Interrogatories, not otherwise provided in response to these requests.

31.   All documents the Company intends to introduce at trial.

32.   All documents used by the Company in the investigation of Plaintiff's claims.

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg____ of ____

Cause No. _____

| | | |
|---|---|---|
| **JOE TAYLOR,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **SHELBY COUNTY, TEXAS** |
| | § | |
| **TYSON FOODS, INC., and** | § | |
| **TYSON FARMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT TYSON FARMS, INC.

**TO:**   Defendant, Tyson Farms, Inc., c/o its registered agent: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, **TYSON FARMS, INC.** (hereinafter "Company") is requested to produce and permit Plaintiff **JOE TAYLOR** ("Plaintiff"), or someone acting on his behalf, to inspect, photograph, and/or copy the documents, recordings, and other data compilations fifty (50) days from your receipt hereof, in the offices of Shellist, Lazarz, Slobin LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046.

The term "documents" as defined in Rule 192.3(b) of the Texas Rules of Civil Procedure includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recording, and any other data compilation from which information can be obtained and translated, if necessary, by the person from whom production is sought into reasonably usable form.  The existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 22 of 26

the judgment is a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment is included within the term documents.

You are required by Rule 196.3(c) of the Texas Rules of Civil Procedure to produce documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests.

You are further advised of your duty to reasonably supplement your response to this Request for Production of Documents where the response, though correct when made, is no longer true, or when you acquire additional relevant information. Plaintiff requests that the Defendant produce and/or permit the Plaintiff to inspect and copy the following documents, records, materials, and information pertaining to this lawsuit.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: /s/ Todd Slobin
    TODD SLOBIN
    State Bar No. 24002953
    RICARDO J. PRIETO
    State Bar No. 24062947
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _23_ of _26_

## REQUESTS FOR PRODUCTION

1.   All documents submitted by the Company to the Equal Employment Opportunity Commission and/or the Texas Workforce Commission – Civil Rights Division in connection with Plaintiff's Charge of Discrimination.

2.   All documents contained in the personnel file of Plaintiff, including all job performance evaluations, all job descriptions, all salary and wage information, and all records of disciplinary actions, if any, taken by the Company against Plaintiff.

3.   All documents from Plaintiff's entire employment history with the Company that represent his salary and wage information, including pay stubs and Forms W-2.

4.   All documents that reflect or represent Plaintiff's complaints to the Company.

5.   All documents that reflect or represent the benefits provided to Plaintiff, including documents that represent the costs of the benefits to the Company.

6.   All documents that reflect or represent Plaintiff's annual statement regarding salary and benefits since his date of hire.

7.   All documents that reflect or represent the retirement plans, if any, that Plaintiff was a member of as part of employment with the Company, including documents that reflect the Company's matching contributions to such plans.

8.   All documents that reflect or represent the amount, if any, that the Company has matched or contributed to Plaintiff's retirement plan(s).

9.   All documents that reflect or represent a schedule outlining Plaintiff's earnings and/or compensation since his date of hire, including raises and bonuses.

10.  All documents in possession of the Company which in any way relate to Plaintiff which are not located in his personnel file.

11.  Please provide copies of all employee evaluations of Plaintiff.

12.  All performance or incentive awards, commendations, or any other honor(s) bestowed on Plaintiff while he was employed by the Company.

13.  Any and all photographs in the Company's possession, the possession of the Company's attorneys, or any other person acting on the Company's behalf pertaining to Plaintiff's complaints, or any other fact or matter that is the subject, or related to the subject, of the instant lawsuit.



3

14. Any models, visual aids, experiments, documents, or other writings, or any items of demonstrative evidence prepared or preserved by the Company, the Company's attorneys, or any other person acting on their behalf that will or may be used in the trial of the instant lawsuit.

15. A copy of any and all written notes, reports, or investigations made by the Company, or made on the Company's behalf, pertaining to the facts forming the basis of this lawsuit.

16. Any and all documents in the Company's possession that evidence any statement(s) regarding the incidents forming the basis of this lawsuit.

17. All maps, diagrams, blue prints, and sketches identifying the areas where the incidents forming the basis of this lawsuit occurred.

18. All documents, reports, and other written materials pertaining to any investigation relating to Plaintiff's complaints.

19. A true and correct copy of any and all videotapes or movies in the Company's possession or within the Company's control regarding this lawsuit.

20. All statements taken in relation to Plaintiff's lawsuit in the Company's possession.

21. Please produce any and all correspondence, communications, letters, notes, or oral communications, and all other documents or writings sent to or received from, or exchanged by and between the Company and any former employee, former representative, or agent of the Company concerning this lawsuit.

22. All personnel manuals, brochures, and/or written supervisory guidelines relating to employment that were applicable to the Company at the time of Plaintiff's employment, including any manuals with respect to the Company's discrimination and harassment policies.

23. Copies of all electronic mail or inter-office memoranda that reflect, relate, or refer to Plaintiff at any time during, before, or after his employment with the Company.

24. A true and correct copy of the job description for Plaintiff's position(s) throughout his employment with the Company.

25. All documents that reflect complaints by the Company, if any, of Plaintiff's job performance.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___25___ of ___26___

4

26. All documents, including, but not limited to, notes, correspondence, telephone call slips, and memoranda, reflecting comments, conversations and/or actions as described in Plaintiff's Petition, and any amendments thereafter.

27. Produce all documents concerning the Company's Equal Employment Opportunity policies, if any.

28. All documents relating to the Company's current net worth.

29. All documents and tangible things prepared by the Company's expert witness(es), obtained by the expert(s), reviewed by the expert(s), and/or forming the basis, in whole or in part, of his or her opinions regarding the subject matter of this lawsuit, including, but not limited to, all tangible reports, correspondence, memos, notes, audio/video recordings, computer programs and/or data, photographs, diagrams, physical models and objects, electronic data and compilations, treatises, studies, standards, tables, and governmental guidelines and/or regulations.

30. All documents identified in the Company's answers to Plaintiff's Interrogatories, and any subsequent sets of Interrogatories, not otherwise provided in response to these requests.

31. All documents the Company intends to introduce at trial.

32. All documents used by the Company in the investigation of Plaintiff's claims.

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. _____, Page _____, Minutes of said court on file in my office.

Witness my official hand and seal of office, this 9-9-13

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By _____

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. 26 of 26





# SHELLIST | LAZARZ | SLOBIN
### EMPLOYMENT LAW TRIAL LAWYERS

MARTIN A. SHELLIST
MARK G. LAZARZ
TODD SLOBIN *
J. ALFRED SOUTHERLAND *

* Board Certified, Labor and Employment
Law-Texas Board of Legal Specialization

lcarrier@eeoc.net

DARYL J. SINKULE *
SIDD RAO
RICARDO J. PRIETO
DISHA ROY

COUNSEL:
ROBERT R. DEBES, JR.

FILED
LORA OLIVER
DISTRICT CLERK
2013 AUG 15 P 12:30
DISTRICT COURT
SHELBY COUNTY, TEXAS
BY _____ DEPUTY

August 14, 2013

***Via Certified Mail, Return Receipt Requested***
Ms. Lori Oliver, District Clerk
Shelby County District Clerk's Office
P.O. Drawer 1953
Center, Texas 75935

RE:   Cause No. 13CV32,488 *Joe Taylor v. Tyson Foods, Inc. and Tyson Farms, Inc.*; In the District Court of Shelby County, Texas; 123rd Judicial District.

Dear Ms. Oliver:

Enclosed please find the following items for filing and processing by your office:

1.   Plaintiff's Original Petition (with Request for Disclosure and First Request for Production to each Defendant);
2.   Civil Case Information Sheet; and
3.   Our firm's Check No. 6986 in the amount of $283.00, payable to the Shelby County District Clerk for the filing fee of these documents,   the jury fee, and fees for the citations we are requesting.

Please return the enclosed copies stamped "Return Copy" with your office's file-stamp along with the citations requested below using the enclosed postage paid envelope.

## CITATIONS REQUESTED:

1.   ***Defendant***: Tyson Foods, Inc.; ***Registered Agent***-CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234; ***Instrument***-"Plaintiff's Original Petition, Request for Disclosure and First Request for Production to Tyson Foods, Inc."; and

2.   ***Defendant***: Tyson Farms, Inc.; ***Registered Agent***-CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234; ***Instrument***-"Plaintiff's Original Petition, Request for Disclosure and First Request for Production to Tyson Foods, Inc."



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY

**ORIGINAL**

11 GREENWAY PLAZA, SUITE 1515, HOUSTON, TEXAS 77044 | TEL 713-621-2277 FAX 713-621-0993

Ms. Lori Oliver, District Clerk
August 14, 2013
Page 2


    Thank you for your assistance in this matter.  If you have any questions or comments, please do not hesitate to contact me.


                            Very truly yours,

                        SHELLIST | LAZARZ | SLOBIN LLP


                            LEE CARRIER
                            LEGAL ASSISTANT


/lc
Enclosures


cc:    Client


STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol._____
Page_____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this _____

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By_____

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
Pg____ 2 ____ 2